IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMON M. DEL CAMPO,

    Plaintiff,

v.                                    No. 2:20-cv-00640-JAP-GJF

GOSPEL RESCUE MISSION,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff is proceeding *pro se* against Gospel Rescue Mission, which is the sole Defendant in this case. Plaintiff alleges:

> The mission allowed access to several young ladies; whom watched me bathe and on several occasions, they allowed a young girl under 8 yrs of age to view the shower scences. Servallance footage will show them entering the mission from April, May. Please view the cause number *Ramon M. del Campo vs. City of Las Cruces Police Department* to absertain the facts!

[sic] Complaint at 7, Doc. 1, filed June 29, 2020. Where the form Complaint instructs Plaintiff to "[b]riefly state the background of your case, Plaintiff wrote: "Please see attached forms, as well view *Ramon M. del Campo vs. City of Las Cruces New Mexico*." Complaint at 2.

The Court notified Plaintiff that it will not comb the record of this or other cases and act as an advocate for Plaintiff, granted Plaintiff leave to file an amended complaint, and informed Plaintiff that his amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2). Doc. 8, filed July 6, 2020. The Court also explained that the Complaint failed to state a claim under 42 U.S.C. § 1983 because it does not allege a violation of a right secured by the Constitution or the laws of the United States or that Defendant was acting under color of state law. Finally, the

Court notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff did not file an amended complaint by the July 20, 2020, deadline.

One of Plaintiff's motions states that the "Social Security Administration has deemed [Plaintiff] as mentally impaired." Motion Seeking Counsel at 1, Doc. 7, filed July 2, 2020. Rule 17(c)(92) of the Federal Rules of Civil Procedure states the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." However, "in the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [involving a determination of whether there is verifiable evidence of incompetence] would usually occur **after** the preliminary merits screening under … 28 U.S.C. 1915(e)(2). *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (**emphasis added**).

The Court dismisses this case without prejudice for failure to state a claim under 28 U.S.C. 1915(e)(2) which reads: "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." The Court granted Plaintiff, who is proceeding *in forma pauperis*, an opportunity to file an amended complaint. *See* Doc. 8 at 4, filed July 6, 2020 (granting Plaintiff's motion to proceed *in forma pauperis*). *Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). Plaintiff did not file an amended complaint. Because it is dismissing this case under 28 U.S.C. 1915(e)(2) for failure to state a claim, the Court need not "inquir[e] as to whether there [is] a viable basis to invoke Rule 17." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

    **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that the following pending motions are **DENIED as moot**, because this case has been dismissed:

(i) Plaintiff's Motion Seeking Subpoenas, Doc. 5, filed July 2, 2020.

(ii) Plaintiff's Motion Seeking Waiver of the Filing Fee, Doc. 6, filed July 2, 2020.

(iii) Plaintiff's Motion Seeking Counsel, Doc. 7, filed July 2, 2020.

(iv) Plaintiff's Motion Seeking in View Camera, Examine the Following Suits, Doc. 9, filed July 10, 2020.

(v) Plaintiff's Motion Seeking Mental Health Records as well as the Finding from the United States Social Security Administration, Doc. 10, filed July 14, 2020.

(vi) Plaintiff's Motion to Amend the Original Complaint, Doc. 11, filed July 14, 2020.

(vii) Plaintiff's Motion Seeking Subpoenas, Doc. 12, filed July 16, 2020.

(viii) Plaintiff's Motion Seeking Temporary Injunction, Doc. 13, filed July 20, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE